BECKER, Circuit Judge,
dissenting.
As the majority acknowledges, the Blasting Guidelines are part of the contract between Austin and Popple. Guideline B-12 provides:
12. Use controlled blasting techniques. Modify blasting round as necessary to achieve best obtainable results and to keep air blast overpressure, vibrations and noise within limits specified. Exercise care in drilling and blasting operations to minimize overbreak and blast damage of adjacent unexcavated ground. Assume responsibility to produce a satisfactory excavated surface by determining proper relationships of factors of burden, spacing depth or charge quantity and type of explosive, hole size and delay pattern and other necessary considerations to achieve required results.
(Emphasis added). Focusing on the italicized portion, I cannot agree with the majority that the language is precatory. Rather, I view the language as imposing a clear obligation on an experienced drilling contractor, with which it did not comply.[2] I believe that the District Court made a clear error of law in finding that the *938 Guideline was not violated.[3] I therefore respectfully dissent.

. Austin Powder unnecessarily blasted in overburden and below grade in violation of its contract, and the resulting soil disruption caused extensive damage.

. To the extent that the District Court found that Mid-Atlantic was the culprit, it erroneously imposed tort law theory on a contract dispute.